IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | |
|---|---|
| CHARLES E. GAMMILL AND ANN M. GAMMILL | PLAINTIFFS |
| V. | NO. 4:14-CV-00022-DMB-JMV |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SAXON ASSET SECURITIES TRUST 2007-1; DEUTSCHE BANK TRUST COPORATION; DEUTSCHE BANK AG; MORGAN STANLEY; MORRIS & ASSOCIATES; BOOKER T. DAVIS; AND JOHN & JANE DOES 1-100 | DEFENDANTS |

## ORDER GRANTING MOTION TO REMAND

This is a property dispute brought by Plaintiffs Charles E. Gammill and Ann M. Gammill against Deutsche Bank National Trust Company, as Trustee for Saxon Asset Securities Trust 2007-1, Deutsche Bank Trust Corporation, Deutsche Bank AG (collectively, "Deutsche Bank"), Morgan Stanley, Morris & Associates, Booker T. Davis, and John and Jane Does 1-100. Before the Court is Plaintiffs' Motion to Remand. Doc. #20.

### I
### Procedural History

On November 15, 2013, Plaintiffs filed a complaint against Defendants in the Circuit Court of Washington County, Mississippi. Doc. #2. In their complaint, Plaintiffs seek damages and equitable relief arising from Defendants' alleged sale of their property in foreclosure without notice, which Plaintiffs claim was void both under the conditions in their Deed of Trust and under Mississippi law. *Id.* at ¶¶ 42-170.

On February 18, 2014, Deutsche Bank filed a Notice of Removal in the Northern District of Mississippi, alleging that this Court has jurisdiction over the matter pursuant to diversity of citizenship, under 28 U.S.C. §§ 1332, 1441, and 1446. Doc. #1 at 1. Defendants Morris & Associates and Morgan Stanley later joined Deutsche Bank's Notice of Removal. Docs. #3, #4.[1]

On March 20, 2014, Plaintiffs filed the instant Motion to Remand, arguing that because Plaintiffs and Defendant Davis are citizens of Mississippi, the Court cannot exercise diversity jurisdiction over this case. Doc. #20. Defendants Deutsche Bank, Morris & Associates, and Morgan Stanley filed their joint Response in Opposition to Plaintiffs' Motion to Remand on April 3, 2014. Doc. #28. Plaintiffs filed their Reply to Defendants' Opposition on April 10, 2014. Doc. #33.

In addition to opposing Plaintiffs' Motion in the Response in Opposition, Deutsche Bank filed a Supplemental Notice of Removal on April 2, 2014, arguing that since Davis was not properly served with process he was not a properly joined party to this case. Doc. #24. Defendants Morris & Associates and Morgan Stanley also joined Deutsche Bank's Supplemental Notice of Removal. Docs. #25, #26. Plaintiffs had previously sought an extension of time to serve Davis, Doc. #19, which the Court granted on April 11, 2014. Doc. #34. Thereafter, Plaintiffs effectuated service on Davis on April 28, 2014. Doc. #36.

## II
## Relevant Allegations of the Complaint

Plaintiffs' claims all arise out of Defendants' alleged refusal to modify the terms of a loan agreement covering Plaintiffs' property and Defendants' subsequent foreclosure on, and

---

[1] The citizenship of John & Jane Does 1-100 is irrelevant. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction … the citizenship of defendants sued under fictitious names shall be disregarded.").

conveyances, of their property. Plaintiffs acquired the property at issue—1637 S. Pear Lane, Greenville, Mississippi 38703—on November 16, 1977. Doc. #2 at ¶ 16. In December 2006, Plaintiffs refinanced their mortgage and executed a Deed of Trust to John M. Mercer, as Trustee for Saxon Mortgage, Inc. ("Saxon"). *Id.* at ¶ 17.[2] In 2009, due to financial difficulties, Plaintiffs requested, and Saxon approved on a trial basis, a modification to their mortgage loan. *Id.* at ¶¶ 18, 23. Plaintiffs allege that they made three timely payments in full under the modification but were ultimately denied a permanent loan modification, despite previously being informed by Saxon that they were approved. *Id.* at ¶¶ 24-26. Plaintiffs continued making payments in the same amount as under their temporary modification until Saxon stopped accepting payments in September 2010. *Id.* at ¶¶ 28-30.

In October 2010, Plaintiffs' Deed of Trust and Note were placed in a trust—the Saxon Asset Securities Trust, Series 2007-1—for which Defendant Deutsche Bank National Trust Company ("Deutsche National") served as Trustee. *Id.* at ¶¶ 31-34. Deutsche National contemporaneously substituted an employee of Defendant Morris & Associates as Trustee. *Id.* at ¶ 32. The next month, in November 2010, Plaintiffs' property was allegedly sold to Deutsche National at a foreclosure sale for which Plaintiffs received no notice. *Id.* at ¶¶ 35-38. After being told in December 2010 that their home was "in foreclosure," Plaintiffs left their home in early 2011. *Id.* at ¶¶ 37-38. In September 2011, Deutsche National sold the property to Joe Robert Campbell. *Id.* at ¶ 40. Six months later, Campbell sold the home to its current occupant, Defendant Davis. *Id.* at ¶ 41.

Against Defendants Deutsche Bank, Morgan Stanley, and Morris & Associates, Plaintiffs assert actions based in contract and tort, alleging that Defendants intentionally or

---

[2] Saxon Mortgage is a subsidiary of Defendant Morgan Stanley. Doc. #2 at ¶ 7.

negligently caused Plaintiffs' damages by refusing to modify their mortgage, foreclosing on their house without notice, selling their property, and forcing them out of their home. *Id.* at ¶¶ 42-142, 150-60, 166-70. Against Defendant Davis, Plaintiffs assert trespass and ejectment claims, alleging that Davis unlawfully resides on their land. *Id.* at ¶¶ 143-49, 161-65.

## III
## Discussion

"Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists." *Amos v. CitiFinancial Corp.*, 243 F. Supp. 2d 587, 589 (N.D. Miss. 2003) (citing *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995)). Such burden is imposed here upon Deutsche Bank since it invoked this Court's diversity jurisdiction under 28 U.S.C. § 1332 through removal of the case to federal court.

28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different [s]tates." In order for this Court to exercise diversity jurisdiction under Section 1332, there must be "complete diversity" between the parties, meaning that all parties "on one side of the controversy are citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)) (citations omitted).

It is undisputed that the amount in controversy here exceeds $75,000. Doc. #29 at 4; Doc. #21. Plaintiffs contend, however, that complete diversity is lacking because Defendant Davis is, like Plaintiffs, a Mississippi citizen, making him a non-diverse party to this action. Doc. #20 at 2. Defendants do not contest Davis' citizenship. Doc. #29 at 4 n.2. Instead, Defendants argue that Davis was fraudulently or improperly joined to this case, and that the

4

Court should therefore ignore his non-diversity in determining whether it has jurisdiction. Doc. #29.

### A. Standard for Improper Joinder

Improper joinder is "a narrow exception to the rule of complete diversity." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011).[3] The removing party bears a "heavy burden" when attempting to prove improper joinder. *Id.* To invoke the improper joinder exception successfully, the removing party must show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004) (en banc)). The actual fraud exception is not at issue here. Defendants argue only that Plaintiffs fail to establish a cause of action against Davis. Doc. #29 at 5. To prevail, Defendants must demonstrate "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.

In determining whether a plaintiff has a reasonable basis of recovery under state law, the Court must exercise its discretion in applying one of two procedural standards. *Id.* The Court may conduct a Rule 12(b)(6)-type analysis, "looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* Ordinarily, "if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* However, if a plaintiff misstates or omits "discrete facts that would

---

[3] The case law refers to this exception as both "improper" and "fraudulent" joinder. In the Fifth Circuit, however, the preferred phrasing is "improper" joinder. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004) (en banc). The Court follows this convention, while still relying on cases that use the term "fraudulent" joinder.

determine the propriety of joinder," the Court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Id.*

In addition to arguing that Plaintiffs' claims fail a Rule 12(b)(6)-type analysis, Defendants request that the Court pierce the pleadings and conduct a summary inquiry. Doc. #29 at 8. The en banc Fifth Circuit, however, has cautioned that:

> [A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against an in-state defendant. … Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined. Indeed the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.

*Smallwood*, 385 F.3d at 573-74. Accordingly, the Court treads lightly into this "simple and quick" evaluation, both under a Rule 12(b)(6)-type analysis and in considering Defendants' request for a summary inquiry. "[A]ny contested issues of facts and any ambiguities of state law must be resolved in favor of remand." *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014) (internal quotation marks omitted). Resolving not only contested issues of fact but also unsettled state law in the non-removing party's favor "precludes a federal court from applying an *Erie* analysis in determining a fraudulent joinder issue." *Fairley v. ESPN, Inc.*, 879 F. Supp. 2d 552, 556 (S.D. Miss. 2012).

### B.     Rule 12(b)(6)-Type Analysis of Plaintiffs' Claims

Plaintiffs assert ejectment and trespass claims against Davis, claiming that he unlawfully resides on their property. Doc. #2 at ¶¶ 143-149, 161-65; Doc. #33 at 4 n.4. Plaintiffs allege that because the foreclosure on their property was void, Defendants could not transfer their title to other parties, including the eventual sale to Davis. Defendants argue in

6

response that Plaintiffs do not have a reasonable basis of recovery against Davis because he is a bona fide purchaser for value without notice of Plaintiffs' claim to the property, and therefore cannot be found liable for ejectment or trespass. Doc. #29 at 5-6.

The Court notes that it "does not write on a blank slate in considering the Defendants' improper joinder argument." *Johnson v. Deutsche Bank Nat'l Trust Co.*, No. 2:14-cv-51-KS-MTP, 2015 WL 144924, at *8 (S.D. Miss. Jan. 12, 2015). There are a number of other recent cases in Mississippi federal courts that have addressed whether a non-diverse defendant was improperly joined in light of his status as a bona fide purchaser after a foreclosure sale. Those courts concluded that an assertion that a defendant is a bona fide purchaser without notice does not mean that a plaintiff claiming that a foreclosure sale was illegal and invalid has "no reasonable basis of recovery under state law," and have remanded their cases back to state court. *See, e.g.*, *Johnson*, 2015 WL 144924, at *8-9; *Housdan v. JP Morgan Chase Bank*, No. 3:13-cv-543-CWR-FKB, 2014 WL 4814760, at *4-5 (S.D. Miss. Sept. 24, 2014); *Brasel v. JP Morgan Chase*, No. 1:13-cv-00206-CHD-DAS, 2014 WL 2879698, at *4 (N.D. Miss. June 24, 2014); *Sturgis v. JP Morgan Chase Bank*, No. 3:13-cv-544-LG-JMR, 2014 U.S. Dist. LEXIS 140711, at *5-11 (S.D. Miss. May 2, 2014).

This Court agrees with the reasoning of these cases, and sees no persuasive reason to depart from their holdings here, as Plaintiffs have pleaded viable claims for trespass and ejectment under Mississippi state law. Reviewing the allegations in detail, Plaintiffs allege that Defendants failed to comply with the contractual provisions in their deed and with Mississippi law regarding the conditions necessary to foreclose on their property. According to Plaintiffs, Defendants accelerated Plaintiffs' mortgage and foreclosed on the property without proper notice, rendering the foreclosure sale—and subsequent transfer to Davis—invalid. Doc. #2 at

¶¶ 42-56, 129-135, 143-149, 156-165. As other Mississippi federal courts have recognized, there are Mississippi cases holding that a void foreclosure sale passes no enforceable title. *See, e.g.*, *Johnson*, 2015 WL 144924, at *8 n.10 (citing *Chase Home Fin., L.L.C. v. Hobson*, 81 So.3d 1097, 1101 (Miss. 2012) (providing that if foreclosure sale was conducted without statutory authority, sale was void and purchaser did not acquire anything at subject sale)); *Osborne v. Neblett*, 65 So.3d 311, 313 (Miss. Ct. App. 2011) (holding that foreclosure sale failing to comply with publication requirements of Miss. Code Ann. § 89–1–55 "is a nullity and unenforceable under the law"). Accordingly, Plaintiffs contend, Davis holds no valid title to their property.

With respect to Plaintiffs' trespass claim, in Mississippi, a "trespass to land is committed when a person intentionally invades the land of another without a license or other right." *Reeves v. Meridian S. Ry., LLC*, 61 So.3d 964, 968 (Miss. Ct. App. 2011). Plaintiffs allege that, without a valid title, Davis "is in improper and illegal possession of the subject Property, and committed trespass to Plaintiffs' property when he intentionally invaded the property without consent or right to enter the land" for which Plaintiffs have suffered damages. Doc. #2 at ¶¶ 145-48. "With these pleadings, Plaintiff[s have] at least stated a possibility of success on [their] trespass allegations." *Housdan*, 2014 WL 4814760, at *4 (internal quotations marks omitted).

Similarly, with respect to Plaintiffs' ejectment claim, "which is generally grounded on the same legal theory as their trespass claim (*viz.*, the void nature of the underlying foreclosure sale)," the possibility of recovery is not implausible. *Johnson*, 2015 WL 144924, at *9. Plaintiffs allege that Davis "illegally possesses the subject Property. … [He] did not actually acquire title to the Property because the initial foreclosure sale, purportedly conducted on

8

November 16, 2010 is void. Plaintiffs maintain superior/equitable title in opposition to any conveyance or evidence of the claim to title of the Property. … Plaintiffs seek final judgment adjudicating Plaintiffs to be the legal owners of the subject Property and order of ejectment pertaining to [Davis]." Doc. #2 at ¶¶ 162-65. Again, applying a Rule 12(b)(6) standard, this states a claim with a reasonable basis of recovery.[4]

Defendants assert multiple grounds for disputing Plaintiffs' allegations, arguing that Plaintiffs' claims fail, for example, because Plaintiffs were admittedly in default. *See* Doc. #29 at 12-14 (claiming that Plaintiffs lost title upon default and had only right to reinstate their loan up until foreclosure sale). Plaintiffs respond that they were not in default, and that resolution of this issue is a question of fact that does not preclude remand. Doc. #33 at 10-11. The Court agrees with Plaintiffs. The fact that Defendants dispute Plaintiffs' allegations on the merits does not preclude the possibility that Plaintiffs will prevail on the merits of their claims. *See Sturgis*, 2014 U.S. Dist. LEXIS 140711, at *13-14 (rejecting improper joinder argument where Court would have to resolve whether plaintiff was "actually in default").[5] Because "the

---

[4] Defendants cite to *Sheppard v. Morris & Associates*, No. 1:11-cv-065-SA-JAD, 2012 WL 1074204 (N.D. Miss. Mar. 29, 2012), as a case from this district supporting their argument that remand is not warranted where a subsequent purchaser for value was improperly joined. Doc. #29 at 7. However, *Sheppard* is distinguishable from this action. As discussed in *Johnson*, "the [*Sheppard*] plaintiffs failed to state a valid claim against Tishomingo by merely praying for and requesting that the transfer of the subject property to Tishomingo 'be set aside and held for naught and for such other relief as the court may deem proper in the premises.'" 2015 WL 144924, at *11 (quoting *Sheppard*, 2012 WL 1074204, at *3). Here, as in *Johnson*, Plaintiffs have stated claims against Davis for trespass and ejectment. Moreover, "it appears that the plaintiffs in Sheppard intended for Tishomingo's BFP status to be resolved in federal court." *Id.* Here, Plaintiffs do not ask this Court to resolve this issue. Accordingly, Defendants' reliance on *Sheppard* is misplaced.

[5] For similar reasons, Defendants' reliance on *Wirtz v. Gordon*, 184 So. 798, 802 (Miss. 1938), is unavailing. Defendants cite *Wirtz* for the proposition that Plaintiffs would not be able to "regain title to or the right to possess the [s]ubject property," even if they elected to set aside the foreclosure sale rather than collect damages from Defendants. Doc. #29 at 16-17. However, *Wirtz* applies only "after breach of the condition of the mortgage." *James v. Jackson Prod. Credit Assoc.*, 389 So. 2d 494, 496 (Miss. 1980) (quoting *Wirtz*, 184 So. at 802). Plaintiffs allege and argue that they were not in default on their mortgage. Doc. #33 at 10-11. Again, this factual dispute is not one that should be resolved by this Court in a jurisdictional analysis.

complaint states a claim under state law against the in-state defendant" under "a Rule 12(b)(6)-type analysis," remand is in order. *Smallwood*, 385 F.3d at 573.

C. **Piercing the Pleadings for a Summary Inquiry**

Although Defendants ask the Court to pierce the pleadings and conduct a summary inquiry, the Court, in its discretion, declines to do so, as it "would require this Court to engage in an *Erie* guess and rule on the merits of the controversy." *Brasel*, 2014 WL 2879698, at *4. Piercing the pleadings is appropriate only "in rare cases where a plaintiff has 'misstated or omitted discrete facts.'" *Housdan*, 2014 WL 4814760, at *3 n.4 (citing *Smallwood*, 385 F.3d at 573) (declining to pierce pleadings and conduct summary inquiry). Defendants have not shown that Plaintiffs misstated or omitted discrete facts from their complaint. Thus, a summary inquiry is not warranted.

D. **Service of Process**

Finally, Defendants argue that because Plaintiffs had not yet successfully served Davis at the time Defendants filed their opposition to Plaintiffs' Motion to Remand, Plaintiffs never intended to pursue their claims against him, and the motion should therefore be denied. Doc. #29 at 11-12. Plaintiffs dispute the allegation that they have no intent to pursue their claims against Davis, arguing that they made "diligent, repeated attempts to serve Defendant Davis at the subject property, and asked the Court for an extension of time to serve him. (Doc. #19)." Doc. #33 at 8 n.8. As discussed above, after briefing on the Motion to Remand was completed, Plaintiffs were able to effectuate service of process on Davis. Doc. #36. Given that Davis has now been served, and resolving the disputed fact of whether Plaintiffs actually intended to

pursue their claims against Davis in their favor as the non-removing party, the Court rejects Defendants' argument.[6] Remand is appropriate here.

## IV
## Conclusion

For the reasons above, Defendants have failed to demonstrate that Davis is improperly joined as a defendant to this lawsuit. As a result, the Court has no jurisdiction over this case. Accordingly, Plaintiffs' Motion to Remand [20] is **GRANTED.** This action is **REMANDED** to the Circuit Court of Washington County, Mississippi.

**SO ORDERED**, this 23rd day of March, 2015.


/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[6] Similarly, since Davis has now been served, the Court rejects the argument in Deutsche Bank's Notice of Supplemental Removal that Davis is not properly joined in this matter. Doc. #24 at ¶ 8.